

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00009-CV
_____

RAILROAD COMMISSION OF TEXAS, CHAIRMAN WAYNE CHRISTIAN, AND
COMMISSIONERS CHRISTI CRADDICK AND RYAN SITTON, APPELLANTS

V.

PUBLIC CITIZEN, INC., HUGH FITZSIMONS, AND MOLLY K. ROOKE, APPELLEES

On Appeal from the 53rd District Court
Travis County, Texas
Trial Court No. D-1-GN-20-003795; Honorable Jan Soifer, Presiding

February 9, 2021

## MEMORANDUM OPINION

Before PIRTLE, PARKER, and DOSS, JJ.

Pending before this court is a *Motion to Dismiss* filed by Appellants, the Railroad

Commission of Texas, Chairman Wayne Christian, and Commissioners Christi Craddick

and Ryan Sitton (hereafter the RRC) in this interlocutory appeal from the trial court's

*Temporary Injunction* in favor of Appellees, Public Citizen Inc., Hugh Fitzsimons, and Molly K. Rooke (hereafter Public Citizen, Inc.).[1]  We grant the motion.

On May 5, 2020, the RRC issued three emergency orders, promulgated to address the COVID-19 pandemic, suspending certain rules of the oil and gas industry. Specifically, the RRC granted temporary exceptions related to wells that were in production, newly created alternative underground storage, authorized pits, and fees and surcharges.

Public Citizen, Inc. challenged those temporary exception orders as being issued without proper notice as required by the Texas Open Meetings Act.  It also alleged the emergency temporary exception orders did not comply with the Administrative Procedure Act and violated the Texas Constitution.

On August 26, 2020, a virtual hearing was held via Zoom on Public Citizen Inc.'s request for mandamus relief, for a temporary injunction, and on a plea to the jurisdiction filed by the RRC.  After hearing testimony, the trial court reviewed the evidence and, on December 8, 2020, issued a *Temporary Injunction* granting Public Citizen Inc.'s request only on claims based on the Texas Open Meetings Act.  *See* TEX. GOV'T CODE ANN. § 551.001-.146 (West 2017 & Supp. 2020).

---

[1] Originally appealed to the Third Court of Appeals, sitting in Austin, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001 (West 2013).  Should a conflict exist between precedent of the Third Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

On January 12, 2021, this court issued an order preserving the status quo of the trial court's *Temporary Injunction* during the pendency of this interlocutory appeal. *R.R. Comm'n v. Pub. Citizen*, *Inc.*, No. 07-21-00009-CV, 2021 Tex. App. LEXIS 556, at *3 (Tex. App.—Amarillo Jan. 12. 2021, order). The RRC now represents that it complied with the relevant terminating condition of the *Temporary Injunction* by publishing proper notice of an open meeting and by re-issuing notice of the particular agenda item at issue. Consequently, this interlocutory appeal is moot and ripe for dismissal.

We grant the *Motion to Dismiss.* Having granted the motion at the request of the Railroad Commission of Texas, Chairman Wayne Christian, and Commissioners Christi Craddick and Ryan Sitton, TEX. R. APP. P. 42.1(a)(1), no motion for rehearing will be entertained and our mandate will issue forthwith. Because the motion does not address costs, costs will be taxed against Appellants. TEX. R. APP. P. 42.1(d).

The RRC also filed an *Unopposed Second Motion for Extension of Time to File Appellants' Brief* in the event the *Motion to Dismiss* was denied. Our disposition renders the motion for extension of time moot.

Per Curiam